IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYE'KEISHA JEFFERS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: |
| RAQUEL HARRISON-BAILEY, *et al* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants Raquel Harrison-Bailey, Neisha L. Brown and Maryland Transit Administration, incorrectly sued as Mass Transit Administration, ("Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1441 *et seq.*, hereby removes the instant civil action in its entirety from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland. This Court has original jurisdiction based on 28 U.S.C. § 1331.

The grounds for removal are set forth below.

### I. Plaintiff's Action and Parties

1. On November 2, 2016, Plaintiff Rye'Keisha Jeffers filed a Second Amended Complaint against Defendants in the Circuit Court for Baltimore City.

2. Plaintiff filed her initial Complaint on December 31, 2015 against Defendants Raquel Harrison-Bailey and Neisha L. Brown only. In that Complaint she included, among other things a claim for relief pursuant to 42 U.S.C. § 1983. On May 11, 2016 Plaintiff filed an Amended Complaint. In that Complaint, Plaintiff abandoned her claim under 42 U.S.C. § 1983.

3.  In Plaintiff's Second Amended Complaint she reinstituted her request for relief pursuant to 42 U.S.C. § 1983 and added Maryland Transit Administration as a party defendant for the first time.

4.  All Defendants consent to this removal.

## II. Jurisdiction

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 which provides in relevant part: "District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.  Under 28 U.S.C. § 1331, this Court has original jurisdiction over all claims brought pursuant to 42 U.S.C. § 1983, regardless of citizenship of the parties or the amount in controversy.

## III. Removal Procedures

7.  Removal of this case is proper under 28 U.S.C. § 1441(a), which provides in relevant part that "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or Defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.  Copies of all process, pleadings, and orders putatively served upon Defendants are included on the CD filed with the Court along with this Notice of Removal.

9.  This removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed less than thirty (30) days from the date Defendants received a copy of the Second Amended Complaint.

10. In accordance with 28 U.S.C. §1446(d) and Local Rule 103.5, a true and correct copy of this Notice of Removal is being filed promptly with the Clerk of the Circuit Court for Baltimore City,

Maryland and served upon the Plaintiff. (See Exhibit A, attached hereto.) The Circuit Court for Baltimore City is located within this District.

Respectfully submitted,

_____
Ronald M. Cherry, Federal I.D. No. 07927
Bonner Kiernan Trebach & Crociata, LLP
711 St. Paul Street
Baltimore, Maryland 21202
(410) 415-1669 (office)
(410) 415-1667 (facsimile)
rcherry@bonnerkiernan.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of November, 2016, a copy of the foregoing **Notice of Removal** was mailed first class, postage prepaid to:

Kim Parker, Esquire
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218

*Attorneys for Plaintiffs*

_____
Ronald M. Cherry