

# LAW OFFICES OF KIM PARKER
**Our Practice is Your Solution**

2123 Maryland Avenue
Baltimore, Maryland 21218
P: 410.234.2621
F: 410.234.2612
www.kpcounsel.com

Kim Parker.
John Wood, Of Counsel

*Licensed to Practice in Maryland & The District of Columbia

ATTORNEYS AT LAW

Writer's Direct: (410) 234-2621
Writer's Email: kp@kimparkerlaw.com

May 7, 2016

**_VIA FIRST CLASS MAIL_**
CIRCUIT COURT OF MARYLAND
Attention: Civil Clerks Office
111 N. Calvert Street
Baltimore, Maryland 21202

Re:   **Jeffers vs. Harrison Bailey**
      **Case Number: 24C15007180**

Dear Sir/Madam Clerk:

Enclosed, Please find Plaintiff's Amended Complaint and Request to Reissue Summonses as to all Defendants' in the aforementioned matter.

Very truly yours,

Kim Parker, Esq.

Kdp/dcn

IN THE CIRCUIT COURT FOR BALTIMORE CITY

RYKIESHA JEFFERS  
3727 PIKESWOOD DRIVE  
BALTIMORE, MD 21133  

    PLAINTIFF  
VS.

                                     Civil Case No.:24C15007180

RAQUEL HARRISON-BAILEY  
601 E FAYETTE STREET  
BALTIMORE, MD 21201  

And

NEISHA L. BROWN  
601 E. FAYETTE STREET  
BALTIMORE, MARYLAND 21201  

    DEFENDANTS'

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL

NOW COMES, Rykiesha Jeffers, ("Plaintiff"), by her undersigned counsel, and sues the aforementioned Defendants', for violations of her rights and for reasons state:

### INTRODUCTORY STATEMENT

"Corruption in the agencies charged with enforcing our laws not only threatens communities by allowing dangerous criminals to roam free, it also undermines the confidence of our citizens in law enforcement and the criminal justice system. The same is true with respect to judicial corruption. We must all, in our own countries, lead the fight to ensure integrity within our police and judicial systems." (Former United States Attorney General John D. Ashcroft, in remarks to the Second Global Forum on Fighting Corruption)

This is an action for monetary damages brought pursuant to the common law of the State of Maryland, and the Maryland Declaration of Rights against the Defendants; in their individual and official capacities.

FACTUAL ALLEGATIONS

1. All events forming the basis of this claim occurred within Baltimore City, Maryland.

2. Plaintiff is a natural person residing in Baltimore County, Maryland.

3. During all events described herein, Defendants' Raquel Harrison-Bailey ("Harrison-Bailey") and Neisha L. Brown ("Brown") were police officers employed by the Maryland Transit Administration ("MTA") and acting within the scope of that employment.

4. The events complained of herein arose on April 19, 2013.

5. Plaintiff was seated on the subway platform of the Rogers Station in Baltimore City, with her ear phones on listening to music on her cell phone.

6. Plaintiff's cell phone began to ring indicating she was receiving a text message.

7. Plaintiff's ring tone was a popular song that plays until she completes a response to the text message.

8. Plaintiff proceeded to respond to the text message when she noticed Defendant Harrison-Bailey standing directly in front of her.

9. Plaintiff removed one of the ear pieces and asked the Defendant if she could help her.

10. Defendant Harrison-Bailey, said it was against the law to play music without head phones and there was signage stating as much.

11. Plaintiff indicated that she was not playing music, her phone was actually ringing.

12. Plaintiff further advised that she was within the limits of the law as she was wearing head phones.

13. Defendant Harrison-Bailey, insisted that Plaintiff turn off her phone.

14. Plaintiff declined and requested that Defendant Harrison-Bailey, call a supervisor. Defendant Harrison-Bailey declined to do so.

15. Plaintiff called 911 and reported the harassing conduct of Defendant Harrison-Bailey.

16. Defendant Harrison-Bailey proceeded to place Plaintiff under arrest by grabbing her by her sweatshirt hoody and twisting it around her neck.

17. Subsequently, Defendant Brown arrived and aided Defendant Harrison-Bailey with the unlawful arrest of Plaintiff.

18. After being placed in custody, Plaintiff's clothing was in disarray and her breast and stomach were exposed.

19. Plaintiff requested the Defendants' to fix her clothing before removing her from the subway platform.

20. Defendants' refused and walked Plaintiff thru the station with her private areas exposed to the general public.

21. Three (3) female officers, including the Defendants', escorted Plaintiff to the bathroom to apparently fix her clothing, which merely needed to be pulled down to cover her private areas.

22. Defendants' pushed Plaintiff thru the turnstile took her into the women's bathroom and accosted her, first by tripping her to the floor, punching her in the face and back of the neck and head, stomping and jumping on her leg and ankle.

23. Plaintiff was subsequently criminally charged with, Disorderly Conduct, Failure to Obey Lawful Order of Law Enforcement Officer and Resisting Arrest.

24. On September 16, 2013, the case went to trial in the District Court for Baltimore City.

25. The State entered a Nolle Prosequi on the docket.

26. The Plaintiff has suffered damages.

## COUNT ONE
## FALSE ARREST
## (ALL DEFENDANTS')

31. All paragraphs preceding Count two is incorporated by reference as if fully set forth herein.

32. This count is filed against Defendants' for the common law claim of false arrest; Defendants' either enforced an unconstitutional policy, or enforced a constitutional policy in an unconstitutional manner.

33. Defendants' acted intentionally and maliciously, and falsely arrested Plaintiff on April 19, 2013, without probable cause and placed her in the custody of the Baltimore Central Booking and Intake Center knowing Plaintiff would be detained and subject to numerous harms and indignities.

34. As a direct and proximate result thereof, Plaintiff was battered, detained, and otherwise harmed, and suffered and will continue to suffer substantial physical and emotional injuries.

WHEREFORE, Plaintiff prays judgment in an amount greater than $75,000.00, plus cost and her reasonable attorney's fees.

## COUNT TWO
### ARTICLE 26 VIOLATION FOR UNREASONABLE SEIZURE
### (ALL DEFENDANTS')

35. All paragraphs preceding Count three is incorporated by reference as if fully set forth herein.

36. This count is filed against Defendants' for the state constitutional tort of a seizure in violation of Article 26 of the Maryland Declaration of Rights; Defendants' either enforced an unconstitutional policy, or enforced a constitutional policy in an unconstitutional manner.

37. Defendants' intentionally or maliciously, unjustifiably, unreasonably, and without probable cause arrested Plaintiff on April 19, 2013, in violation of Plaintiff's rights under Article 26 of the Maryland Declaration of Rights to be free from unreasonable seizures.

38. As a direct and proximate result of the his violation, Plaintiff suffered a deprivation of her constitutional rights and loss of liberty, was battered pursuant to the arrest, detained, and otherwise harmed, and suffered and will continue to suffer substantial physical and emotional injuries.

WHEREFORE, Plaintiff prays judgment in an amount greater than $75,000.00, plus cost and her reasonable attorney's fees

## COUNT THREE
### BATTERY
### (ALL DEFENDANTS')

39. All paragraphs preceding Count four is incorporated by reference as if fully set forth herein.

40. Defendants' engaged in intentional acts of unlawful conduct with Plaintiff, such that the Plaintiff sustained serious and permanent injuries.

41. Defendants' utilized unreasonable, unlawful, and excessive force by, among other things, pushing Plaintiff thru the turnstile, taking Plaintiff into the women's bathroom and accosting her, first by tripping her to the floor, punching her in the face and back of the neck and head, stomping and jumping on her leg and ankle.

42. Plaintiff in no way consented to the described contact by the Defendants; in no way provoked, contributed to, or in any way presented just or reasonable cause for the Defendants' to act as they did; and did nothing to contribute to the unlawful touching that the Defendants' inflicted upon her.

43. The conduct of the Defendants' was without legal justification and was improperly motivated by ill will and actual malice-including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

44. As a direct and proximate result of the assault perpetrated by Defendants', Plaintiff sustained significant injuries, medical bills and psychological damages.

WHEREFORE, Plaintiff prays judgment in an amount greater than $75,000.00.

### COUNT FOUR
### FALSE IMPRISONMENT
### (ALL DEFENDANTS')

45. All paragraphs preceding Count five is incorporated by reference as if fully set forth herein.

46. Defendants' falsely imprisoned the Plaintiff throughout the course of events described herein.

47. The actions of the Defendants' caused Plaintiff to be unlawfully deprived of her liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

48. As a result of the unlawful conduct described herein, Plaintiff was detained against his will and sustained significant injuries and damages as described herein.

49. The Defendants' actions demonstrated ill will, improper motivation, evil purpose, and/or actual malice.

WHEREFORE, Plaintiff prays judgment in an amount greater than $75,000.00.

### COUNT FIVE
### MALICIOUS PROSECUTION
### (ALL DEFENDANTS')

50. All paragraphs preceding Count six is incorporated by reference as if fully set forth herein.

51. Defendants' jointly and severally, initiated a baseless prosecution against the Plaintiff on April 19, 2013, and continued to expose Plaintiff to legal jeopardy until she stood trial on September 16, 2013.

52. The proceedings were instituted and continued without probable cause.

53 The proceedings terminated in Plaintiff's favor on September 16, 2013, with the State declining to prosecute the charges.

54. The proceeding was imitated and continued with actual malice, or with an ulterior motive, other than the pursuit of justice.

55. As a direct and proximate result of the assault perpetrated by Defendants', Plaintiff sustained significant injuries, medical bills and psychological damages.

WHEREFORE, Plaintiff prays judgment in an amount greater than $75,000.00.

LAW OFFICES OF KIM PARKER, P.A.

_____
KIM PARKER, ESQUIRE
Bar No.: 637296
2123 Maryland Avenue
Baltimore, MD 21218
Office: (410) 234-2621
Fax:  (410) 234-2612
Email: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

JURY TRIAL DEMAND

Plaintiff prays a jury trial on all counts herein stated.

_____
Kim Parker
Counsel for Plaintiff