**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

**RYE'KEISHA JEFFERS**
3727 Pikeswood Drive
Randallstown, Maryland 21133
        Plaintiff,

vs.

**RAQUEL HARRISON-BAILEY**,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS
POLICE OFFICER FOR THE MARYLAND TRANSIT
ADMINISTRATION POLICE
601 E. Fayette Street
Baltimore, Maryland 21201


And


**NEISHA L. BROWN**,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS
POLICE OFFICER FOR THE MARYLAND TRANSIT
ADMINISTRATION POLICE
601 E. Fayette Street
Baltimore, Maryland 21201


And


**NEILE HICKS**
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
SERGEANT FOR THE MARYLAND TRANSIT
ADMINISTRATION POLICE
1040 Park Avenue, Suite #306
Baltimore, Maryland 21201


And


**MARYLAND TRANSIT
ADMINISTRATION**,
Serve: Ralign T. Wells, Resident Agent
6 St. Paul Street
Baltimore, Maryland 21202

        Defendants,

CIVIL ACTION NO.
1:16-CV-03683

**THIRD AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**AND DEMAND FOR JURY TRIAL PRAYER**

NOW COMES, Rye'kiesha Jeffers, (hereinafter referred as "Plaintiff"), by her attorneys, KIM PARKER, ESQUIRE and THE LAW OFFICES OF KIM PARKER, P.A., and sues the aforementioned Defendants, for violations of her rights. Plaintiff incorporates *all previously filed Complaints* as if herein restated and for her claims state:

**INTRODUCTORY STATEMENT**

1.    "Corruption in the agencies charged with enforcing our laws not only threatens communities by allowing dangerous criminals to roam free, it also undermines the confidence of our citizens in law enforcement and the criminal justice system.  The same is true with respect to judicial corruption.  We must all, in our own countries, lead the fight to ensure integrity within our police and judicial systems." (Former United States Attorney General John D. Ashcroft, in remarks to the Second Global Forum on Fighting Corruption).

2.    This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Maryland Transit Administration ("MTA") Officers' Harrison-Bailey and Brown in their individual and official capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law. Moreover, it is also alleged that these violations and torts were committed during the course and scope of the above-mentioned officers' employment with the MTA.

3.    It is alleged that the individual defendants' named herein made an unreasonable seizure of the person of Plaintiff Rye'Keisha Jeffers, thereby violating her rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland

2

Declaration of Rights. It is further alleged that the defendants' named herein employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

4.     Defendant Maryland Transit Administration ("MTA") and Sergeant Neile Hicks ("Sgt. Hicks"), is liable due to its acquiescence, tolerance, promotion, and furtherance of the known patterns of unlawful conduct, unconstitutional stops, detentions, seizures, and excessive force, as well as, additional acts and omissions that established policies and customs which proximately caused Plaintiff's injuries. Defendant MTA is also liable for failing to adequately train, supervise, and discipline the known officers in an effort to deter and/or prevent the unconstitutional and illegal conduct of the officers as described herein.

5.     On August 10, 2016, the United States Department of Justice ("DOJ"), Civil Rights Division, made the following findings regarding the Baltimore City Police Department engaged in the following conduct: (1) **making unconstitutional stops, searches, and arrests; (2) using enforcement strategies that produce severe and unjustified disparities in the rates of stops, searches and arrests of African Americans; (3) using excessive force; and (4) retaliating against people engaging in constitutionally-protected expression.** Moreover, the DOJ found that "*The pattern or practice occurs as a result of systemic deficiencies at BPD. The agency fails to provide officers with sufficient policy guidance and training; fails to collect and analyze data regarding officers' activities; and fails to hold officers accountable for misconduct. BPD also fails to equip officers with the necessary equipment and resources they need to police safely, constitutionally, and effectively. Each of these systemic deficiencies contributes to the constitutional and statutory violations we observed*".

## **FACTUAL ALLEGATIONS**

6.      All events forming the basis of this claim occurred within Baltimore City, Maryland.

7.      Plaintiff is a natural person residing in Baltimore County, Maryland.

8.      During all events described herein, Defendants' Raquel Harrison-Bailey ("Harrison-Bailey") and Neisha L. Brown ("Brown") were police officers employed by the MTA and acting within the scope of that employment, who, upon information and belief reported to Sgt. Hicks.

9.      The events complained of herein arose on April 19, 2013.

10.     Plaintiff was seated on the subway platform of the Rogers Station in Baltimore City, with her ear phones on listening to music on her cell phone.

11.     Plaintiff's cell phone began to ring indicating she was receiving a text message.

12.     Plaintiff's ring tone was a popular song that plays until she completes a response to the text message.

13.     Plaintiff proceeded to respond to the text message when she noticed Defendant Harrison-Bailey standing directly in front of her.

14.     Plaintiff removed one of the ear pieces and asked the Defendant if she could help her.

15.     Defendant Harrison-Bailey, said it was against the law to play music without head phones and there was signage stating as much.

16.     Plaintiff indicated that she was not playing music, her phone was actually ringing.

17.     Plaintiff further advised that she was within the limits of the law as she was wearing head phones.

18.     Defendant Harrison-Bailey, insisted that Plaintiff turn off her phone.

19.     Plaintiff declined and requested that Defendant Harrison-Bailey, call a supervisor. Defendant Harrison-Bailey declined to do so.

20.     Plaintiff called 911 and reported the harassing conduct of Defendant Harrison-Bailey.

21.     Defendant Harrison-Bailey proceeded to place Plaintiff under arrest by grabbing her by her sweatshirt hoody and twisting it around her neck.

22.     Subsequently, Defendant Brown arrived and aided Defendant Harrison-Bailey with the unlawful arrest of Plaintiff.

23.     After being placed in custody, Plaintiff's clothing was in disarray and her breast and stomach were exposed.

24.     Plaintiff requested the Defendants' to fix her clothing before removing her from the subway platform.

25.     Defendants' refused and walked Plaintiff thru the station with her private areas exposed to the general public.

26.     Three (3) female officers, including the Defendants', escorted Plaintiff to the bathroom to apparently fix her clothing, which merely needed to be pulled down to cover her private areas.

27.     Defendants' pushed Plaintiff thru the turnstile took her into the women's bathroom and accosted her, first by tripping her to the floor, punching her in the face and back of the neck and head, stomping and jumping on her leg and ankle.

28.     Plaintiff was subsequently criminally charged with, Disorderly Conduct, Failure to Obey Lawful Order of Law Enforcement Officer and Resisting Arrest.

29.     On September 16, 2013, the case went to trial in the District Court for Baltimore City.

30.     The State entered a Nolle Prosequi on the docket.

31.     In addition to the physical injuries described herein, Plaintiff Jeffers suffered the following injuries and damages:

  a.   Violation of her well-established constitutional rights under the Fourth  and Fourteenth Amendment of the United States Constitution to be free  from an unreasonable search and seizure of her person;
  b.   Violation of her constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the use of excessive, unreasonable, and unjustified force against her person;
  c.   Loss of her physical liberty;
  d.   Physical pain and suffering;
  e.   Emotional trauma and suffering, embarrassment, and mental anguish;
  f.   Lost wages and loss of future earning potential;
  g.   And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant Officers'.

32.     The actions of the Defendant Officers' Harrison-Bailey and Brown violated the following clearly established and well settled federal and state constitutional rights of Plaintiff: a. Freedom from the unreasonable seizure of her person; and b. Freedom from the use of excessive, unreasonable, and unjustified force against her person.

**COUNT ONE**
**FALSE ARREST**
**(Defendant Harrison-Bailey and Brown)**

33.     Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

34.     This count is filed against Defendants' for the common law claim of false arrest; Defendants' either enforced an unconstitutional policy, or enforced a constitutional policy in an unconstitutional manner.

35.     Defendants' acted intentionally and maliciously, and falsely arrested Plaintiff on April 19, 2013, without probable cause and placed her in the custody of the Baltimore Central Booking and Intake Center knowing Plaintiff would be detained and subject to numerous harms and indignities.

36.     As a direct and proximate result thereof, Plaintiff was battered, detained, and otherwise harmed, and suffered and will continue to suffer substantial physical and emotional injuries.

WHEREFORE, Plaintiff prays judgment in an amount greater than $3,000,000, punitive damages $25,000,000, plus cost and her reasonable attorney's fees.

## COUNT TWO
## ARTICLE 26 VIOLATION FOR UNREASONABLE SEIZURE
### (Defendants' Harrison-Bailey and Brown)

37.     Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

38.     This count is filed against Defendants' for the state constitutional tort of a seizure in violation of Article 26 of the Maryland Declaration of Rights; Defendants' either enforced an unconstitutional policy, or enforced a constitutional policy in an unconstitutional manner.

39.     Defendants' intentionally or maliciously, unjustifiably , unreasonably , and without probable cause arrested Plaintiff on April 19, 2013, in violation of Plaintiff's rights under Article 26 of the Maryland Declaration of Rights to be free from unreasonable seizures.

40.     As a direct and proximate result of the her violation, Plaintiff suffered a deprivation of her constitutional rights and loss of liberty, was battered pursuant to the arrest, detained, and otherwise harmed, and suffered and will continue to suffer substantial physical and emotional injuries.

WHEREFORE, Plaintiff prays judgment in an amount greater than $3,000,000, punitive damages $25,000,000, plus cost and her reasonable attorney's fees.

## COUNT THREE
## BATTERY
### (Defendants' Harrison-Bailey and Brown)

41.    Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

42.    Defendants' engaged in intentional acts of unlawful conduct with Plaintiff, such that the Plaintiff sustained serious and permanent injuries.

43.    Defendants' utilized unreasonable, unlawful, and excessive force by, among other things, pushing Plaintiff thru the turnstile, taking Plaintiff into the women's bathroom and accosting her, first by tripping her to the floor, punching her in the face and back of the neck and head, stomping and jumping on her leg and ankle.

44.    Plaintiff in no way consented to the described contact by the Defendants; in no way provoked, contributed to, or in any way presented just or reasonable cause for the Defendants' to act as they did; and did nothing to contribute to the unlawful touching that the Defendants' inflicted upon her.

45.    The conduct of the Defendants' was without legal justification and was improperly motivated by ill will and actual malice-including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

46.    As a direct and proximate result of the assault perpetrated by Defendants', Plaintiff sustained significant injuries, medical bills and psychological damages.

WHEREFORE, Plaintiff prays judgment in an amount greater than $3,000,000, punitive damages $25,000,000, plus cost and her reasonable attorney's fees.

## COUNT FOUR
## FALSE IMPRISONMENT

**(Defendants' Harrison-Bailey and Brown)**

47.    Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

48.    Defendants' falsely imprisoned the Plaintiff throughout the course of events described herein.

49.    The actions of the Defendants' caused Plaintiff to be unlawfully deprived of her liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

50.    As a result of the unlawful conduct described herein, Plaintiff was detained against her will and sustained significant injuries and damages as described herein.

51.    The Defendants' actions demonstrated ill will, improper motivation, evil purpose, and/or actual malice.

WHEREFORE, Plaintiff prays judgment in an amount greater than $3,000,000, punitive damages $25,000,000, plus cost and her reasonable attorney's fees.

<h3 style="text-align:center">COUNT FIVE<br>MALICIOUS PROSECUTION<br>(ALL DEFENDANTS)</h3>

52.    Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

53.    Defendants jointly and severally, initiated a baseless prosecution against the Plaintiff on April 19, 2013, and continued to expose Plaintiff to legal jeopardy until she stood trial on September 16, 2013.

54.    The proceedings were instituted and continued without probable cause.

55.    The proceedings terminated in Plaintiff's favor on September 16, 2013, with the State declining to prosecute the charges.

56.    The proceeding was imitated and continued with actual malice, or with an ulterior motive, other than the pursuit of justice.

57.     As a direct and proximate result of the assault perpetrated by Defendants, Plaintiff sustained significant injuries, medical bills and psychological damages.

WHEREFORE, Plaintiff prays judgment in an amount greater than $3,000,000, punitive damages $25,000,000, plus cost and her reasonable attorney's fees.

### COUNT SIX
### UNREASONABLE SEIZURE (EXCESSIVE FORCE) § 1983
### (Defendants' Harrison-Bailey and Brown)

58.     Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

59.     This count is filed against Defendants' Brown and Harrison-Bailey in their individual capacities.

60.     At all times relevant to this Complaint, Plaintiff Jeffers had rights afforded to her by the Fourth and Fourteenth Amendments to the United States Constitution not to have her person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of her liberty without due process of the law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

61.     By using unwarranted and excessive force against the Plaintiff, under color of state and local law, acted intentionally and maliciously, unjustifiably, and unreasonably in violation of the Plaintiff's right under the Fourth(via the Fourteenth) Amendment to the United States Constitution to be free from unreasonable seizures.

62.     Defendants' actions and omissions deprived Plaintiff of her clearly established and well-settled constitutional rights.

63.     Defendants' knowingly acted to deprive the Plaintiff of her constitutional rights maliciously and with reckless disregard. Defendants' also conspired with other members of the

MTA  Police Department who were present on the scene to act in an unlawful manner that would violate the Plaintiff's Constitutional Rights.

64.     Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants' for violation of her constitutional rights under color of law.

65.     As a direct and proximate result of the violation, Plaintiff suffered a deprivation of constitutional rights, and suffered and will continue to suffer substantial physical and mental injuries.

WHEREFORE, Plaintiff prays judgment in an amount greater than $3,000,000, punitive damages $25,000,000, plus cost and her reasonable attorney's fees.

## COUNT SEVEN
## MARYLAND STATE DECLARATION OF RIGHTS AND LONGTIN CLAIM
### (Indirect Liability Defendant MTA)

66.     Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

67.     Defendants' use of excessive force to effect Plaintiff unlawful arrest, detention, false imprisonment, battery, and the actual malicious character of her arrest occurred as a direct result of a policy, custom, or usage of Defendant MTA.

68.     Under this custom, practice, or usage, the Defendant MTA:

a.  Encouraged, acquiesced in, or condoned the use of excessive force in effecting Plaintiff's arrest;

b.  Encouraged, acquiesced in, or condoned the use of falsity to arrest, detain, and imprison her;

c.  Failed to adequately investigate, punish, or otherwise discourage the use of excessively forceful means to effect arrests of individuals and effecting unlawful arrests; and

d.  Failed to adequately train and supervise the constitutionally permissible limits upon use of force, and the proper way of effecting detentions and arrests.

69.    By illegally seizing and detaining Plaintiff, Defendant MTA abridged the rights, privileges and immunities guaranteed to Plaintiff under Articles 24 and 26 of the Maryland Declaration of Rights. Moreover, Plaintiff has suffered damages by being unlawfully held against her will, suffered damage to her reputation, and will continue to suffer severe emotional distress and anguish, loss of reputation, loss of income, and other damages. WHEREFORE, Plaintiff prays judgment in an amount greater than $1,000,000, punitive damages $25,000,000, plus cost and her reasonable attorney's fees.

**COUNT EIGHT**
**UNDER 42 U.S.C. 1983 FOR INADEQUATE**
**SUPERVISION AND DISCIPLINE**
**(Defendant MTA)**

70.    Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

71.    Defendant MTA, through police administration, specifically through supervisory personnel and other police officers responsible for conducting internal investigations, investigating warrantless arrests, authorized, ratified, acquiesced to, perpetuated and otherwise failed to adequately correct the unlawful and improper conduct of Defendants' Harrison-Bailey and Brown identified herein.

72.    Defendant MTA, through police administration, failed to adequately supervise Defendants' Harrison-Bailey and Brown and acquiesced to their unconstitutional practices, by among other things, permitting the unlawful detention of Plaintiff to continue unabated and allow for criminal charges to be advanced against Plaintiff.

73.    The failure of Defendant MTA, through police administration, to properly supervise and control the conduct of Defendants' Harrison-Bailey and Brown was a direct proximate cause of Plaintiff's injuries identified herein.

74.    At all times relevant to this Complaint, Defendant MTA had an actual and ready ability to shield Plaintiff from the continuing constitutional deprivations by way of supervision, corrective action and discipline aimed at Defendants' Harrison-Bailey and Brown.

WHEREFORE, Plaintiff prays judgment in an amount greater than $3,000,000, punitive damages $25,000,000, plus cost and her reasonable attorney's fees.

## COUNT NINE
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 – MONELL CLAIM
### (Defendant MTA)

75.    Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

76.    Prior to December of 2013, MTA developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Baltimore City and surrounding counties, which caused the violation of Plaintiff rights.

77.    It was the policy and/or custom of MTA to inadequately and improperly investigate warrantless arrests, citizen complaints of police misconduct, and unlawful warrantless arrests and acts of misconduct were instead tolerated by MTA, including but not limited to episodes of misconduct involving Defendants' Harrison-Bailey and Brown.

78.    It was further the policy and/or custom of MTA to inadequately supervise and train its police officers, including the Defendants' Harrison-Bailey and Brown, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

79.    As a result of the above described policies and customs, police officers of the MTA Police Department, including the Defendants' Harrison-Bailey and Brown, believed that

their actions would not be properly monitored by supervisory officials and that misconduct would not be investigated or sanctions, but would be tolerated.

80. The above described policies and customs demonstrated a deliberate indifference on the part of policy makers of MTA to the constitutional rights of persons within the MTA and were the cause of the violations of Plaintiff's rights alleged herein.

WHEREFORE, Plaintiff hereby requests that this Honorable Court: (A) Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant MTA Police Officers Defendants' Harrison-Bailey and Brown and Defendant MTA jointly and severally; (B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendants' Harrison-Bailey and Brown; (C) Award costs of this action to the Plaintiff; (D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and (E) Award such other and further relief as this Court may deem just and appropriate.

**COUNT TEN**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Defendants' Harrison-Bailey and Brown)**

81.    Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

82.    Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants' physically assaulted Plaintiff multiple times, while she was defenseless, without justification.

83.    In engaging in the above-described conduct, Defendants' intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays judgment in an amount greater than $10,000,000, punitive damages $20,000,000, plus cost and her reasonable attorney's fees.

## COUNT ELEVEN
### FOURTH AMENDEMENT VIOLATIONS-42 U.S.C. § 1983
### (Defendants' Harrison-Bailey and Brown)

84.    Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

85.    Defendants' jointly and severally violated Plaintiff clearly-established rights  to be free from the use of unreasonable force, punishment, and punitive conditions of confinement as guaranteed and protected by the Fourth and Fourteenth Amendments to the United States Constitution.

86.    Under all the circumstances presented, an objectively reasonable officer would have known that: (1) the use of force upon the Plaintiff was excessive and could have led to serious injury or death; and (2) punishment and punitive conditions of confinement imposed upon the Plaintiff were not rationally related to any legitimate government objective, or were excessive in relation to that purpose.

87.    Defendants' acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to the rights of Plaintiff.

88.    Defendants' misconduct was the moving force that caused Plaintiff injuries.

WHEREFORE, Plaintiff prays judgment in an amount greater than $10,000,000, punitive damages $20,000,000, plus cost and her reasonable attorney's fees.

## COUNT TWELVE
### SUPERVISORY LIABILITY-42 U.S.C. § 1983
### (Defendants Sgt. Hicks)

89.    Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

90. Defendant Sgt. Hicks subordinates deprived Plaintiffs of her rights to be free from the use of unreasonable force, punishment, and punitive conditions of confinement under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

91. Plaintiffs allege on information and belief that Defendant Sgt. Hicks knew or reasonably should have known that their subordinates were engaging in these acts and that their conduct would deprive Plaintiff of these rights, and, failed to prevent them from engaging in such conduct. Alternatively, Plaintiff allege that Defendant Sgt. Hicks acquiesced in Plaintiff's Constitutional deprivations alleged herein or for conduct that showed a reckless or callous indifference to the rights of others.

92. Defendant Sgt. Hicks acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to Plaintiff's rights.

93. Defendant Sgt. Hicks misconduct was the moving force that caused Plaintiff's injuries.

WHEREFORE, Plaintiff prays judgment in an amount greater than $10,000,000, punitive damages $20,000,000, plus cost and her reasonable attorney's fees.

## COUNT THIRTEEN
## CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS-42 U.S.C. § 1985
### (Defendants Sgt. Hicks, Harrison-Bailey and Brown)

94. Plaintiff incorporates the foregoing paragraphs as if herein restated for reference.

95. In doing the acts complained of herein, Defendants acted in concert and conspired to violate Plaintiff's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force.

96.     Defendants had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the Defendants attempted to prevent and/or stop the violation of the Plaintiff's civil rights.

WHEREFORE, Plaintiff prays judgment in an amount greater than $10,000,000, punitive damages $20,000,000, plus cost and her reasonable attorney's fees.


This 19th day of November, 2016

Respectfully Submitted,

**LAW OFFICES OF KIM PARKER, P.A.**

/s/ Kim Parker /s/_____
Kim Parker, Esquire
Federal  Bar No. 23894
2123 Maryland Avenue
Baltimore, Maryland 21218
Office: 410-234-2621
Facsimile: 410-23612
Email: kp@kimparkerlaw.com

*Counsel for Plaintiff  Rye'Keisha Jeffers*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

RYE KEISHA JEFFERS,

       Plaintiff,

vs.

RAQUEL HARRISON-BAILEY, NEISHA L.       CIVIL ACTION NO.
BROWN., NEILE HICKS and MARYLAND    1:16-CV-03683
TRANSIT ADMINISTRATION,

       Defendants,

---

## AMENDED JURY TRIAL DEMAND

Pursuant to the U.S. Constitution, Plaintiff prays a jury trial on all counts herein stated.

/s/ Kim Parker /s/
_____

Kim Parker
Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

RYE KEISHA JEFFERS,

      Plaintiff,

vs.

RAQUEL HARRISON-BAILEY, NEISHA L.            CIVIL ACTION NO.
BROWN., NEILE HICKS and MARYLAND    1:16-CV-03683
TRANSIT ADMINISTRATION,

      Defendants,

---

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19TH day of November, 2016, a copy of the

foregoing Third Amended Complaint was served by the Courts ECF Noticing System to:

        **Ronald M. Cherry, Esquire**
        **Bonner Kiernan Trebach & Crociata LLP**
        **711 St. Paul Street**
        **Baltimore, Maryland 21202**
        **COUNSEL FOR  DEFENDANTS' HARRISON-BAILEY AND BROWN**


        /s/ Kim Parker /s/
        _____
        Kim Parker, Esquire
        Counsel for Plaintiff