

# LAW OFFICE OF
# KIM PARKER, P.A.

2123 Maryland Avenue
Baltimore, Maryland 21218
Tel: (410) 234-2621
Fax: (410) 234-2612
www.kimparkerlaw.com

Of Counsel: John S. Woods, Esq.
Kim D. Parker, Esq. (MD, DC,)

October 4, 2013



**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
Ms. Nancy K. Kopp
State of Maryland
Maryland State Treasurer
80 Calvert Street
Annapolis, Maryland 21401

  Re: Rye Keisha Jeffers
    Date of Incident: April 19th, 2013

Dear Ms. Kopp:

  Please be advised that this firm has been retained to represent Rye Keisha Jeffers. Please accept this letter as written notice of claim pursuant to Maryland Tort Claims Act (MTCA) Section 12-101. *Et seq* of the State Government Article) and the Local Claims Torts Act (LCTA). Please also see attached Evidence of Preservation Notices. The facts are as follows:

1.  The Claimant's name and address is:
  Rye Keisha Jeffers

  Date of Birth ▓▓▓85 and
  Social Security Number ▓▓▓5201

2.  Date of Incident: February 5th, 2013

3.  State Agencies involved: Maryland Transit Administration Police

4.  Description of the Accident:

  Claimant was seated on the subway platform of the Rogers Station in Baltimore City with her ear phones on listening to music on her cell phone. Claimant cell phone began to ring indicating she was receiving a text message. Claimant's ring tone is a popular song that plays until she completes a response to the text message. Claimant proceeded to respond to the text message when she noticed an MTA officer standing directly in front of her. Claimant removed one of the ear pieces and asked the officer if she could help her. The officer said it was against the law to play music without head phones and there was signage stating as much. Claimant stated she was not playing music, her phone was actually ringing.

Claimant further advised she was within the limits of the law as she was wearing head phones. The officer insisted she turn off her phone. Claimant declined and requested the officer call a supervisor. The Officer declined to do so. Claimant called 911 and reported the harassing conduct of the Officer. The Officer proceeded to attempt to place Claimant under arrest by grabbing her by sweatshirt hoody and twisted it around her neck. Subsequently other Officers arrived and aided Officer Bailey to arrest Claimant. After being placed in custody, Claimants clothing was in disarray and her breasts and stomach were exposed. Claimant requested the Officers fix her clothing before removing her from the Platform. The Officers refused and walked the Claimant thru the station with her private areas exposed to the general public. Three (3) female Officers escorted Claimant to the bathroom to apparently fix her clothing which merely needed to be pulled down to cover her private areas. The Officers pushed Claimant thru the turnstile took her into the women bathroom and beat her up by first tripping her to the floor, punching her in the face and back of the neck and head, stomping and jumping on her leg and ankle. Claimant suffered injuries to her neck, head, arms, legs and ankle along with severe psychological trauma. The Claimant is currently in treatment.

5. Amount of damages: $300,000.00

Thank you for your time and consideration. Please feel free to contact me with any questions or concerns.

Very truly yours,

Kim Parker, Esq.

Enclosures ( 1) Demand For Evidence Preservation

Case 1:16-cv-03683-JFM   Document 23-3   Filed 12/12/16   Page 3 of 10

# LAW OFFICE OF
# KIM PARKER, P.A.

2123 Maryland Avenue
Baltimore, Maryland 21218
Tel: (410) 234-2621
Fax: (410) 234-2612
www.kimparkerlaw.com

Of Counsel: John S. Woods, Esq.
Kim Parker, Esq. (MD, DC,)

October 4th, 2013

**<u>CERTIFIED MAIL/RETURN RECEIPT REQUESTED</u>**
Ms. Nancy K. Kopp
State of Maryland
Maryland State Treasurer
80 Calvert Street
Annapolis, Maryland 21401



Re:  Claimant:            Rye Keisha Jeffers
     Date of Incident:    April 19th, 2013
     Issue:               Evidence Preservation Letter

To Whom It May Concern:

We have been retained by Rye Keisha Jeffers respecting a claim against the Maryland Transit Administration Police, and it's agents. Kindly, forward a copy of this letter or representation to your insurance company for prompt handling. Do not speak with our client directly regarding this matter.

## REQUEST FOR PRESERVATION OF EVIDENCE

Pursuant to the Federal Rules of Civil Procedure (FRCP), we hereby request and demand that (hereafter "you") preserve — and not alter in any way — any evidence regarding the website or e-mail addresses listed with the above-referenced site. This request for preservation of evidence includes, but is not limited to, preserving all photographs, voice mails, e-mails, videotapes, memos, meeting agendas and notes, investigations, incident reports, security tapes, logs, in/out records, local and long distance telephone records, bills, statements, expense reports, notes, reports and interviews.

It should be noted that, the duty to preserve relevant evidence — either paper or electronic — is triggered when civil litigation is commenced or <u>reasonably</u> anticipated. <u>Zubulake. Zubulake v. UBS Warburg LLP</u>, 220 F.R.D. 212 (S.D.N.Y. 2003); <u>Sampson v. City of Cambridge</u>, 251 F.R.D. 172, 181 (D. Md. 2008); <u>PML North America v. Hartford Underwriters Insurance Co</u>., 2006 U.S. Dist. LEXIS 94456 (E.D. Mich. 2006); <u>Silvestri v. General Motors</u>, 271 F.3d 583, 589 (4th Cir. 2001).

You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones).

Maryland State Treasurer
Page 2

     Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, .GHO)

     ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

     The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to amendments to the Federal Rules of Civil Procedure that have been approved by the United States Supreme Court (eff. 12/1/06), you must identify all sources of ESI you decline to produce and demonstrate to the court why such sources are not reasonably accessible. For good cause shown, the court may then order production of the ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim so as not to deprive the plaintiffs of their right to secure the evidence or the Court of its right to adjudicate the issue.

### PRESERVATION REQUIRES IMMEDIATE INTERVENTION

     You must act immediately to preserve potentially relevant ESI including, without limitation, information with the earlier of a Created or Last Modified date on or after **April 19th, 2013** through the date of this demand and concerning:

**1. All information pertaining to the events scheduled at the location;**
**2. All information pertaining to the Client's injuries;**
**3. All ESI information which mentions or otherwise states Rye Keisha Jeffers**
**4. Other information as may be needed for litigation in this matter.**

**5. Copies of all investigative reports;**

Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices. Booting a drive, examining its contents or running any application will irretrievably alter the evidence it contains and may constitute unlawful spoliation of evidence. Consequently, alteration and erasure may result from your failure to act diligently and responsibly to prevent loss or corruption of ESI.

Nothing in this demand for preservation of ESI should be understood to diminish your concurrent obligation to preserve document, tangible things and other potentially relevant evidence.

## SUSPENSION OF ROUTINE DESTRUCTION

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

## GUARD AGAINST DELETION

You should anticipate that your employees, officers or others may seek to hide, destroy or alter ESI and act to prevent or guard against such actions. Especially where company machines have been used for Internet access or personal communications, you should anticipate that users may seek to delete or destroy information they regard as personal, confidential or embarrassing and, in so doing, may also delete or destroy potentially relevant ESI. This concern is not one unique to you or your employees and officers. It's simply an event that occurs with such regularity in electronic discovery efforts that any custodian of ESI and their counsel are obliged to anticipate and guard against its occurrence.

## PRESERVATION BY IMAGING

You should take affirmative steps to prevent anyone with access to your data, systems and archives from seeking to modify, destroy or hide electronic evidence on network or local hard drives (such as by deleting or overwriting files, using data shredding and overwriting applications, defragmentation, re-imaging or replacing drives, encryption, compression, steganography or the like). With respect to local hard drives, one way to protect existing data on local hard drives is by the creation and authentication of a forensically qualified image of all sectors of the drive. Such a forensically qualified duplicate may also be called a bitstream image or clone of the drive. Be advised that a conventional back up of a hard drive is not a forensically qualified image because it only captures active, unlocked data files and fails to preserve forensically significant data that may exist in such areas as unallocated space, slack space and the swap file.

With respect to the hard drives and storage devices of each of the persons named below and of each person acting in the capacity or holding the job title named below, as well as each other person likely to have information pertaining to the instant action on their computer hard drive(s), demand is made that you immediately obtain, authenticate and preserve forensically qualified images of the hard drives in any computer system (including portable and home computers) used by that person during the period from February 1, 2007 to current date, as well as recording and preserving the system time and date of each such computer.

Once obtained, each such forensically qualified image should be labeled to identify the date of acquisition, the person or entity acquiring the image and the system and medium from which it was obtained. Each such image should be preserved without alteration.

## PRESERVATION IN NATIVE FORM

You should anticipate that certain ESI, including but not limited to spreadsheets and databases, will be sought in the form or forms in which it is ordinarily maintained. Accordingly, you should preserve ESI in such native forms, and you should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation.

You should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not
reasonably accessible.

## METADATA

You should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with

Maryland State Treasurer
Page 5

tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to preserve ESI. For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields.

## SERVERS

With respect to servers like those used to manage electronic mail (e.g., Microsoft Exchange, Lotus Domino) or network storage (often called a user's "network share"), the complete contents of each user's network share and e-mail account should be preserved. There are several ways to preserve the contents of a server depending upon, e.g., its RAID configuration and whether it can be downed or must be online 24/7. If you question whether the preservation method you pursue is one that we will accept as sufficient, please call to discuss it.

## HOME SYSTEMS, LAPTOPS, ONLINE ACCOUNTS AND OTHER ESI VENUES

Though we expect that you will act swiftly to preserve data on office workstations and servers, you should also determine if any home or portable systems may contain potentially relevant data. To the extent that officers, board members or employees have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, you must preserve the contents of systems, devices and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CD-R disks and the user's PDA, smart phone, voice mailbox or other forms of ESI storage.). Similarly, if employees, officers or board members used online or browser-based email accounts or services (such as AOL, Gmail, Yahoo Mail or the like) to send or receive potentially relevant messages and attachments, the contents of these account mailboxes (including Sent, Deleted and Archived Message folders) should be preserved.

## ANCILLARY PRESERVATION

You must preserve documents and other tangible items that may be required to access, interpret or search potentially relevant ESI, including logs, control sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID and password rosters or the like.

You must preserve any passwords, keys or other authenticators required to access encrypted files or run applications, along with the installation disks, user manuals and license keys for applications required to access the ESI.

You must preserve any cabling, drivers and hardware, other than a standard 3.5" floppy disk drive or standard CD or DVD optical disk drive, if needed to access or interpret media on which ESI is stored. This includes tape drives, bar code readers, Zip drives and other legacy or proprietary devices.

### PAPER PRESERVATION OF ESI IS INADEQUATE

As hard copies do not preserve electronic searchability or metadata, they are not an adequate substitute for, or cumulative of, electronically stored versions. If information exists in both electronic and paper forms, you should preserve both forms.

### AGENTS, ATTORNEYS AND THIRD PARTIES

Your preservation obligation extends beyond ESI in your care, possession or custody and includes ESI in the custody of others that is subject to your direction or control. Accordingly, you must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your obligation to do so, and you must take reasonable steps to secure their compliance.

### SYSTEM SEQUESTRATION OR FORENSICALLY SOUND IMAGING

Removing ESI systems, media and devices from service and properly sequestering and protecting them may be an appropriate and cost-effective preservation step.

In the event you deem it impractical to sequester systems, media and devices, we believe that the breadth of preservation required, coupled with the modest number of systems implicated, dictates that forensically sound imaging of the systems, media and devices is expedient and cost effective. As we anticipate the need for forensic examination of one or more of the systems and the presence of relevant evidence in forensically accessible areas of the drives, we demand that you employ forensically sound ESI preservation methods. Failure to use such methods poses a significant threat of spoliation and data loss.

By "forensically sound," we mean duplication, for purposes of preservation, of all data stored on the evidence media while employing a proper chain of custody and using tools and methods that make no changes to the evidence and support authentication of the duplicate as a true and complete bit-for-bit image of the original. A forensically sound preservation method guards against changes to metadata evidence and preserves all parts of the electronic evidence, including in the so-called "unallocated clusters," holding deleted files.

### PRESERVATION PROTOCOLS

Maryland State Treasurer
Page 7

We are desirous of working with you to agree upon an acceptable protocol for forensically sound preservation and can supply a suitable protocol, if you will furnish an inventory of the systems and media to be preserved. Else, if you will promptly disclose the preservation protocol you intend to employ, perhaps we can identify any points of disagreement and resolve them. A successful and compliant ESI preservation effort requires expertise. If you do not currently have such expertise at your disposal, we urge you to engage the services of an expert in electronic evidence and computer forensics. Perhaps our respective experts can work cooperatively to secure a balance between evidence preservation and burden that's fair to both sides and acceptable to the Court.

**DO NOT DELAY PRESERVATION**

I'm available to discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted as a consequence of delay. Should your failure to preserve potentially relevant evidence result in the corruption, loss or delay in production of evidence to which we are entitled, such failure would constitute spoliation of evidence, and we will not hesitate to seek sanctions.

Accordingly, we also demand that you preserve all electronic data regarding the incident and anyone involved in reviewing, investigating or evaluating the incident. Be advised that we consider electronic data to be a valuable and irreplaceable source of discoverable information. As you may know, electronic information is subject to discovery in litigation and is admissible at trial.

Electronic data includes, but is not limited to, originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals; voicemail; audio or video recordings of any kind; computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines; operating systems; source codes of all types; PIF files; batch files; ASCI files; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file or file fragment. Electronic data includes any and all information stored in hard disks, floppy disks, CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds and computer chips (including but not limited to EPROM, PROM, RAM and ROM). Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

Until you fully and completely backup all of your electronic data regarding the incident, we request and demand that you not:

1. Initiate any procedures that would alter any active, deleted or fragmented electronic data. Such procedures may include, but are not necessarily limited to, deleting or attempting to delete any electronic information, saving newly created files to

Maryland State Treasurer
Page 8

disks that already contain information, loading new software on such disks or running data compression or de-fragmentation (optimization) routines on them;

    2.    Rotate, alter or destroy any media that stores electronic data where such activity could result in the alteration or loss of any electronic data;

    3.    Dispose of any media that contains electronic data; and

    4.    "Write over" any electronic data.

## CONFIRMATION OF COMPLIANCE

Please confirm by November 4th, 2013 that you have taken the steps outlined in this letter to preserve ESI and tangible documents potentially relevant to this action. If you have not undertaken the steps outlined above, or have taken other actions, please describe what you have done to preserve potentially relevant evidence.

Thank you in advance for your time and attention to this matter. Awaiting your response, I am:

Very truly yours,

Kim Parker, Esq.