

**Nancy K. Kopp**
State Treasurer

**Bernadette T. Benik**
Chief Deputy Treasurer

November 23, 2016

**Via U.S. Certified Mail**

Law Office of Kim Parker, P.A.
2123 Maryland Ave
Baltimore, MD 21218

      Re:    Public Information Act Request – R.K. Jeffers
             Dates of Incident(s): April 19, 2013
             Our Claim No.: ███████1406

Dear Ms. Parker:

I have received your recent correspondence dated received November 9, 2016, in which you re-request certain records under the Maryland Public Information Act ("PIA"), Md. Code Ann., Gen. Prov. §§4-101, *et seq*. You have re-requested the following: "a copy of the Maryland State Treasurer's Policy, Standard Operation Procedure ("SOP") or Memorandum of Understanding ("MOU"), regarding notification to agencies of claims that have been filed against it or its employees and served on the Maryland State Treasurer's Office . . . in effect for 2013 through 2016."

Please be advised that the State Treasurer's Office previously produced all records in its custody responsive to your October 31, 2016 request for records. The absence of any records in the first production that qualify as policies, SOPs, or MOU's "regarding notification to agencies of claims that have been filed against it or its employees and served on the Maryland State Treasurer's Office" means that no such records exist.

The State Treasurer's Office does not view your request as vague. In an effort to assist you, however, it may be helpful to direct you to the pertinent statutory provisions that applied to your client's claim and directed the Treasurer's action. Pursuant to Md. Code Ann., State Finance & Procurement §§ 9-101 *et seq.*, the Treasurer administers the State's Insurance Program, which includes handling claims submitted pursuant to the Maryland Tort Claims Act ("MTCA"), Md. Code Ann., State Govt. §§ 12-101 *et seq*. Although the MTCA governs claims against State agencies generally, the Maryland Transit Administration ("MTA") is exempted and claims against that agency are governed separately under Md. Code Ann., Transportation § 7-702. When your client's claim against the MTA was received by the State Treasurer, as a courtesy the adjuster notified you on October 11, 2013, that the claim should be submitted directly to MTA. In addition, the adjuster copied the MTA's third party administrator (Michael Fullerton, Transit Insurance Group).

Although the State Treasurer does not have any records that are responsive to your specific records request, I have enclosed those provisions of the State Treasurer's policies relating to the processing and handling of claims which remotely implicate initial contact adjusters may have with agencies upon receipt of a claim. Please note, however, that because the Treasurer does not handle claims against MTA per Transportation §

November 23, 2016
Public Information Act Request – R.K. Jeffers
Page 2

7-702, these policies do not apply to claims against that agency such as your client's. In addition, the disclosure of these policy excerpts does not constitute a waiver to other parts of the Treasurer's policy which are not relevant to your client's claim, and the Treasurer reserves all right in that regard.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

*[signature]*

Joyce Miller
Director of Insurance - Maryland State Treasurer's Office

W/Enc.

III.  **Chapter 3  Handling Tort Claims**

The Maryland Tort Claims Act (MTCA) sets forth the provisions for filing claims with the State Treasurer's Office. This chapter discusses resolving these claims beginning with the analysis of coverage and gathering evidence to the evaluation and settlement of the claimant's damages.

A. **Coverage Analysis**

Determining whether or not coverage applies is of primary importance in the handling of all claims filed under the MTCA. Upon receipt of the Notice of Claim, the adjuster shall:

- Confirm that the entity or person alleged to be negligent falls under the definition of "State Personnel" as defined in §12-101. If the alleged party or entity is not defined as "State Personnel", the claim may be denied. (See Non-State Claims Handling.)
- If a specific employee is named, confirm that if the employee was operating within the scope of employment.
- Determine whether or not the employee was grossly negligent or malicious in his/her actions.

If the adjuster determines that the employee was operating within the scope of employment and was not grossly negligent or did not act maliciously within the course of his or her employment, then the adjuster should turn his/her attention to the liability and damages part of the investigation.

If the adjuster determines that the employee was not acting within the scope of employment or was grossly negligent, the claim must be referred to the Office of the Attorney General (OAG) through the Deputy Director for legal advice. The Deputy Director will review the adjuster's investigation and provide guidance to the adjuster for preparing the request for legal advice from the OAG.

If additional information is required to complete the coverage analysis, the adjuster shall contact the appropriate agency representative and request the necessary information or evidence. The adjuster shall document the coverage analysis and the steps taken to conclude the analysis in the claim notes.

IV. Chapter 4 Special Tort Claims Handling

There are certain tort claims that are unique to the State. These claims require special handling. This chapter describes the most common claims and covers the steps that shall be taking when adjusting these claims.

A. Road Hazard Claims

Road Hazard claims make up roughly twenty percent of all of the property damage claims filed with the Treasurer's Office. Road hazard claims generally arise from the following conditions or actions by State personnel:
- Potholes
- Mowing operations
- Line striping operations
- Road debris/road surface irregularities
- Construction (cones, barrels, markings, utility cuts)
- Road reflectors
- Snow plowing and salting

The adjuster shall take the following steps when handling road hazard claims:

1. Acknowledge receipt of the claim with the road hazard acknowledgement letter;
2. Review the Notice of Claim to confirm that the claimant provided a specific location and time where the loss occurred. If the location is not specific enough to initiate the investigation, the adjuster must contact the claimant and obtain the information or return the notice of claim requesting the information needed;
3. Scan the Notice of Claim and save the document to the adjuster's drive;
4. Forward the claim by email to the appropriate maintenance or construction shop and include a concise statement of what information is needed for the investigation. For example, the adjuster may state, "The claimant reports

36

4. that he was travelling in left hand lane on westbound Rt. 214 at approximately 10:30 p.m., on January 3, 2010, just before Mitchellville Plaza when he struck a pothole. Please let me know if you were notified of a pothole in the area prior to January 3, 2010."
5. Follow the Review Standards for Road Hazard claims (See Review Standards, Chapter VII).
6. If State Highway Administration (SHA) personnel advise the adjuster that there was no notice of the hazard prior to the date of loss, the adjuster may deny the claim. However, the adjuster should consider other circumstances before denying the claim. For instance, if the hazard caused damage to several vehicles within a short period of time, the adjuster may conclude that the hazard, while not previously reported to SHA, may have been obvious through a routine inspection. In that instance, payment for all of the affected claimants may be considered.

**Non-State Claim Set-Up**

If the Administration clerk determines that the claim does not involve a unit of State government, the clerk will:

1. Prepare a Non-state letter to be sent to the claimant. (Specimen 5-1)
2. Forward the Non-state letter with the Notice of Claim attached to the Deputy Director or designee.

The Deputy Director or designee will confirm the Administration clerk's determination of a Non-State claim. When confirmed, the Deputy Director or designee will return the Non-State letter and Notice of Claim to the Administration unit who will:

   a. Enter the information on the Non-State Data base.
   b. Mark the Non-State database folder with the Non-State sequential claim number.
   c. Sign the letter and make a copy of the letter to place into the file folder.
   d. Send the letter Certified, Return Receipt requested.

State Treasurers Office
80 Calvert Street
Room 109
ANNAPOLIS MD 21401-1907

US POSTAGE AND FEES PAID
FIRST-CLASS
Nov 23 2016
Mailed from ZIP 21401
1 oz First-Class Mail Letter



071S00777793

**USPS CERTIFIED MAIL**



9407 1102 0088 1213 4796 01

Law Office of Kim Parker PA
2123 Maryland Ave
BALTIMORE MD 21218-5614

FOLD ALONG THIS LINE